## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| STEVEN RUCKER, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| CHICAGO POLICE OFFICER JAVIER ) | |
| COLLAZO, STAR #11471; CHICAGO POLICE ) | |
| OFFICER DIONDRE SWEEZER, STAR #19307; ) | |
| THE CITY OF CHICAGO, a Municipal ) | |
| Corporation, ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES, the PLAINTIFF, STEVEN RUCKER, by and through his attorney, JEFFREY J. NESLUND, LAW OFFICE OF JEFFREY J. NESLUND and in complaining of the DEFENDANTS, CHICAGO POLICE OFFICERS JAVIER COLLAZO, STAR #11471; DIONDRE SWEEZER, STAR #19307 and THE CITY OF CHICAGO, a Municipal Corporation, states as follows:

## INTRODUCTION

1. This is an action for civil damages brought under Illinois State law and 42 U.S.C. Sec. 1983 for the deprivation of PLAINTIFF's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. PLAINTIFF, STEVEN RUCKER, is an individual who at all times relevant hereto was present in the Northern District of Illinois.

1

4. DEFENDANTS, CHICAGO POLICE OFFICERS JAVIER COLLAZO, STAR #11471 and DIONDRE SWEEZER, STAR #19307 were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

5. The DEFENDANT, City of Chicago (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

## FACTUAL SUMMARY

6. On September 2, 2018, Plaintiff was at a block party in the vicinity of 3042 W. 5th Avenue in Chicago.

7. The DEFENDANT OFFICERS unlawfully detained, searched and arrested the Plaintiff, despite the fact the DEFENDANT OFFICERS did not have probable cause to believe the Plaintiff had committed any crime.

8. The DEFENDANTS conspired to charge the Plaintiff with felony crimes he did not commit. In furtherance of this conspiracy, the DEFENDANT OFFICERS wrote false police reports, false criminal complaints and provided false information to prosecutors.

9. As a result of the DEFENDANT OFFICERS' misconduct, the Plaintiff was charged with Unlawful Possession of a Firearm in Cook County criminal case number 18CR13552.

10. The Plaintiff was deprived of his liberty as a result of the DEFENDANT OFFICERS' misconduct until he was found not guilty of all criminal charges initiated by the DEFENDANTS on January 7, 2019.

## COUNT I
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention

11. Plaintiff re-alleges and incorporates paragraphs 1-10 as fully stated herein.

12. As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

13. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

14. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

## COUNT II
### Fourth Amendment Claim for Deprivation of Liberty

15. Plaintiff re-alleges and incorporates paragraphs 1-10 as fully stated herein.

16. As a result of evidence fabricated by the DEFENDANTS, the Plaintiff was deprived of his liberty and was incarcerated in the Cook County Department of Corrections.

17. But for the misconduct of the DEFENDANTS outlined above, the Plaintiff would not have suffered a deprivation of his liberty.

18. The misconduct of DEFENDANTS outlined above proximately caused injury to the Plaintiff, including, but not limited to prolonged incarceration, humiliation, embarrassment, and severe emotional distress.

## COUNT III
### Malicious Prosecution
(All Defendants)

19. Plaintiff re-alleges and incorporates paragraphs 1-10 as fully stated herein.

20. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

21. The DEFENDANTS accused the Plaintiff of criminal activity knowing those

accusations to be without probable cause, and they fabricated evidence and made false reports, conducted suggestive identification procedures and other statements with the intent of exerting influence to institute and continue judicial proceedings.

22. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of the Plaintiff.

23. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

### COUNT IV
### Indemnification

24. Plaintiff re-alleges and incorporates paragraphs 1-10 as fully stated herein.

25. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

26. The Defendant Officers acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

### REQUEST FOR RELIEF

27. Plaintiff, STEVEN RUCKER, respectfully requests that the Court:

    a. Enter a judgment in his favor and against all Defendants;

    b. Award compensatory damages against all Defendants;

    c. Award attorney's fees against all Defendants;

    d. Award punitive damages against all Defendants; and

    e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, STEVEN RUCKER, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
JEFFREY J. NESLUND
Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive - Suite 3710
Chicago, Illinois 60606
(312) 223-1100